David T. BISHOP, Plaintiff,

v.

COMMODITY EXCHANGE, INC., Raymond Nessim, Phibro Corp., formerly d/b/a Engelhard Minerals & Chemicals Corp., Phillip Brothers Div., Henry G. Jarecki, Mocatta Metals Corp., Edward W. Hoffstatter, Jr., Sharps-Pixley, Inc., Henry G. Eisenberg, Brandeis Goldschmidt & Co., Inc., Robert G. Gremald, Ametalco, Inc., Irving Redel, Redel Trading Company, Inc., Herbert J. Coyne, J. Aron & Co., Inc., Moses Marx and United Equities Commodities, Inc., Defendants.

No. 82 Civ. 312 (MEL).

United States District Court,
S.D. New York.

May 11, 1983.

---

1. 65 F.2d 404 (2d Cir.1933).

Kreindler & Kreindler, New York City, for plaintiff; Michel F. Baumeister, Donald I. Marlin, New York City, of counsel.

Wachtell, Lipton, Rosen & Katz, New York City, for defendant Phibro Corp., Paul Vizcarrondo, Jr., Richard B. Skaff, David Gruenstein, New York City, of counsel.

Cadwalader, Wickersham & Taft, New York City, for defendant Mocatta Metals Corp.; Earl H. Nemser, Howard R. Hawkins, Rosemary C. Byrne, New York City, of counsel.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendant Sharps-Pixley, Inc.; Matthew Gluck, Brad E. Scheler, New York City, of counsel.

Willkie Farr & Gallagher, New York City, for defendant Brandeis Goldschmidt & Co., Inc.; Armando T. Belly, David G. Trachtenberg, of counsel.

Sullivan & Cromwell, New York City, for defendant Ametalco, Inc.; Richard J. Urowsky, D. Stuart Meiklejohn, Robert B. Calihan, New York City, of counsel.

Shereff, Friedman, Hoffman & Goodman, New York City, for defendant Redel Trading Co., Inc.; Jerome Marshak, Owen Heimer, New York City, of counsel.

Stroock & Stroock & Lavan, New York City, for defendant J. Aron & Co., Inc.; Melvin A. Brosterman, Robert Lewin, New York City, of counsel.

LASKER, District Judge.

This action arises from the rise and subsequent fall of silver prices in late 1979 and early 1980. Prior decisions of this Court relating to these events, *Minpeco, S.A. v. ContiCommodity Services, Inc.,* 552 F.Supp. 332, and *Gordon v. Hunt,* 558 F.Supp. 122, have involved the claims of traders holding short positions on the silver futures markets (the "shorts"). David Bishop held a long position on the futures market. He brings this action to recover on the claims of the "longs."

The "longs" were damaged when the price of silver fell in early 1980, an event

which, according to Bishop, was caused by the commodity exchanges' promulgation of a "liquidation only rule" on January 19, 1980. The liquidation only rule ("the rule") is alleged to have "eliminated the investors right to establish 'new' positions in the marketplace, thereby destroying the liquidity of the market ... with the direct ... and intended result that the price of silver futures would be forced to decline ..." (Complaint ¶ 33).

The defendants are the Commodity Exchange, Inc. (Comex); eight individuals who were serving as board members of the Comex Board of Governors on January 19, 1980 ("the governors"); and the corporations by whom the individual board members were employed ("the corporate defendants"). Bishop alleges that all of the defendants acted in bad faith by enacting the liquidation only rule "[i]n order to derive direct financial benefits and to advance their own individual and/or corporate 'interests'" (Complaint ¶ 33).

The corporate defendants[1] move pursuant to Fed.R.Civ.Pr. 12(b)(6) to dismiss the complaint on the grounds that it fails to state a claim against them. They argue that the complaint is insufficient because it does not allege that any of them voted for the rule or acted in any way with respect to it.

The allegations against the corporate defendants are:

(a) that each held short positions in silver futures at the time of the liquidation only rule, as a result of which each had "an 'interest' stopping the price of silver futures contracts from rising adversely against them, and in forcing the price to decline" (Complaint ¶ 31(b)); and

(b) that the individual governors, employees of the corporate defendants, voted for the rule in bad faith "while employed by and acting in the course and scope and for the benefit of their respective defendant corporations." (Complaint ¶ 34).

Despite the fact that the corporate defendants did not vote for the rule, Bishop asserts that they may be held liable for the passage of the rule and its consequences for two reasons: (1) because the individual governors acted "in the scope of their authority" as employees of the corporate defendants in voting for the rule; and (2) because improper conduct on the part of the corporate defendants with respect to the rule may be inferred from the fact that the corporate defendants had a substantial financial stake in the passage of the rule.

(1) With respect to his first argument, Bishop relies on *Seligson v. New York Produce Exchange*, 378 F.Supp. 1076 (S.D.N.Y. 1974) (Carter, J.). In *Seligson*, Judge Carter denied motions for summary judgment made by the corporate employers of certain board members of a commodities exchange. The court also granted the summary judgment motions of others of the corporate defendants. In ruling on the motions, the court applied the general principle of agency law that *when* an employee is acting as the agent of his employer, the employee's conduct is ordinarily imputed to the employer. Thus, for example, one corporate defendant's motion for summary judgment was denied because, among other things, the corporation itself had stated in its 9(g) statement that its employee indeed served on the exchange board "as a representative" of the corporation. 378 F.Supp. at 1089.[2] By contrast, the summary judgment motion of a second corporate defendant was granted where the only basis for the plaintiff's contention that the board member acted as the agent of his employer was the plaintiff's unsupported allegation that "'participation in activities in the Exchange is an integral part of employment in the industry.'" 378 F.Supp. at 1090.

■ We accept, at least for the purposes of argument, that general principles of agency law apply to the governors of Co-

---

**1.** The corporate defendants are Phibro Corp., formerly d/b/a Engelhard Minerals & Chemicals Corp., Phillip Brothers Div., Mocatta Metals Corp., Sharps-Pixley, Inc., Brandeis Goldschmidt & Co., Inc., Ametalco, Inc., Redel

Trading Company, Inc., J. Aron & Co., Inc., and United Equities Commodities, Inc.

**2.** The claims against this defendant were dismissed after trial.

mex. However, Bishop does not allege that the governors were acting as agents of their corporations. Bishop's allegation is only that the governors acted "in the course and scope and for the benefit of their respective defendant corporations." (Complaint ¶ 34). At oral argument, we asked Bishop's counsel to specify whether he had intended by that allegation to mean that the governors acted on the Board as representatives of their corporations. The response was that the governors were elected in order to represent the interests of their firms and that they would not have been elected had they not been employees of their respective corporations.

Bishop's claim, as clarified by the answers of his counsel at oral argument, does not amount to an allegation of agency. In the absence of such an allegation there is no basis for imputing an employee's liability to his employer. Even if Bishop proved at trial that the purpose of electing representatives from the various corporate defendants was to ensure that the corporate interests were represented on the board, that would not constitute proof that the governors acted as agents of their corporations any more than a board member on an ordinary corporate board of directors elected by a particular group of shareholders is the agent of those shareholders.

(2) As to Bishop's second argument, the allegation that the corporate defendants induced or coerced their employees to vote in favor of the rule (which Bishop contends may be inferred from the fact that the corporate defendants had an enormous financial motive to do so) does not appear in the complaint. The complaint alleges only that the individual governors acted "in the course and scope and for the benefit of the respective corporations." (Complaint ¶ 34). The allegation that an employee acted in the course of his employment and for the benefit of his employer does not support an inference that the employer caused the employee to act as he did. The complaint does not allege that *any* action by the corporate defendants was taken with respect to the enactment of the rule. In the absence of an allegation that some authorized action on the part of the corporate defendants injured plaintiff, an action against the corporate defendants is not stated.

The motion of the corporate defendants to dismiss the complaint as to them is granted without prejudice.

It is so ordered.